IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TERRY TURNER, <br><br> Defendant. | Case No. 19–CR–40085–JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Terry Turner ("Defendant" or "Turner") request for documents. Specifically, the form that Defendant uses is titled "Request for Records Pursuant to Freedom of Information Act U.S.C. § 552. However, in the body of the motion, Defendant requests an updated docket sheet, indictment, judgment and conviction, plea agreement, and sentencing transcripts.

The Court construes this as a motion for copies and not a Freedom of Information ("FOIA") request. An individual may make a FOIA request to agencies seeking documents or information. Toward that end, FOIA provides that agencies "shall make ... records promptly available to any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules." 5 U.S.C. § 552(a)(3)(A). *Rubman v. U.S. Citizenship & Immigr. Servs.*, 800 F.3d 381, 386 (7th Cir. 2015). Courts are not agencies and are not subject to FOIA.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993).

Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14.  These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Defendant does not show that he has exhausted all other means of access i.e. through trial counsel David Bruns, has not made a showing of indigency through a copy of his trust account, and has not demonstrated that the copies are necessary for a legitimate court action.

      Regarding transcripts, a defendant has a right to a free transcript under limited circumstances.  This right is dependent upon: (1) whether the defendant can establish that she is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action.  See 28 U.S.C. § 753(f).  These requirements do not violate the Constitution.  *See United States v. MacCollom*, 426 U.S. 317 (1976). Finding that Defendant has not shown that he is indigent or that the transcript is needed for a non-frivolous action, the Court will deny Defendant's request for transcripts at this time.

For these reasons, the Court **DENIES** Defendant's Motion for copies or records (Doc. 923). The Court **DIRECTS** the Clerk of the Court to send Defendant information regarding how to obtain and the cost of documents related to Defendant's case.

**IT IS SO ORDERED.**
**Dated: December 5, 2022**

                                                    /s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**